**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHEN SCHLAUGIES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BON SECOURS COMMUNITY HOSPITAL, GOOD SAMARITAN HOSPITAL, and ST. ANTHONY COMMUNITY HOSPITAL,<br><br>Defendants. | Case No. ____________________<br><br>Removed from the Supreme Court of the State of New York, Orange County, Index No. EF001761-2026<br><br>**NOTICE OF REMOVAL** |

Defendants Bon Secours Community Hospital, Good Samaritan Hospital, and St. Anthony Community Hospital ("Defendants") hereby remove this action currently pending in the Supreme Court of the State of New York, Orange County, to the United States District Court for the Southern District of New York, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332. In support thereof, Defendants state as follows:

## NATURE OF REMOVED ACTION

1) On February 20, 2026, Plaintiff filed a Class Action Complaint in the Orange County Court against Defendants asserting claims for negligence, breach of implied contract, unjust enrichment, breach of fiduciary duty, negligent hiring and violations of the New York GBL in connection with a data security incident. The Incident involved unauthorized access to patient data hosted by Cerner

Corporation—an electronic-health-record vendor—on behalf of its clients, including Defendants. (Compl. ¶¶ 22, 25.)

2) Following notice of the Incident, numerous plaintiffs filed class action complaints in multiple jurisdictions raising identical claims against both Cerner and its clients who provided notice of the Incident. The majority of cases previously filed against Cerner and its clients (i.e., a total of 43 as of March 16, 2026) have been transferred to and consolidated in the Western District of Missouri before Judge Beth Phillips. *See In re: Cerner/Oracle Data Breach Litig.*, Case No. 4:25-cv-00259-BP.

3) Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on Defendants in the State Court Action is attached hereto as **Exhibit B**.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1332(d)

4) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5) This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d). Pursuant to CAFA, where a proposed class involves 100 or more class members,

"[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5).

6) "[N]o antiremoval presumption attends cases invoking CAFA . . . . [Instead,] CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7) Each of the CAFA requirements is met here.

**A. This is a class action with more than 100 putative members.**

8) Plaintiff seeks to represent a nationwide putative class of "[a]ll persons residing in the United States whose Private Information was compromised as a result of the Data Breach, including all persons who received notice of the breach." (Compl. ¶ 114.)

9) Plaintiff pleads that the proposed class consists of thousands of class members. (Compl. ¶ 117.) Indeed, the Incident is estimated to involve information of millions of individuals with Defendants providing notice in excess of 100,000 individuals.

10) Thus, the proposed class meets the 100-person CAFA requirement.

**B. Minimal diversity exists.**

11) Minimal diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12) A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13) Defendants Bon Secours Community Hospital, Good Samaritan Hospital, and St. Anthony Community Hospital are incorporated in New York and maintain their principal places of business in New York. Thus, Defendants are each citizens of New York.

14) Plaintiff alleges that he is a citizen of New York seeking to represent a nationwide class of "[a]ll persons residing in the United States whose Private Information was compromised as a result of the Data Breach, including all persons who received notice of the breach." (Compl. ¶¶ 8, 114.)

15) Minimal diversity exists because the Incident impacted citizens of states other than New York.

16) Because Defendants and members of the proposed nationwide class are citizens of different states, CAFA's minimal diversity requirement is met.

**C. The amount in controversy is satisfied.**

17) Evidence is not required to establish the amount in controversy in a notice of removal—instead, a defendant's notice of removal "need include only a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Major v Diageo N. Am., Inc.*, 2022 WL 2003490, at *2 (S.D.N.Y. June 6, 2022) (citing *Dart Cherokee*, 574 U.S. at 89).

18) Although Defendants deny Plaintiff's allegations—and fully reserve the right to contest their adequacy—Plaintiff's request for damages, injunctive relief and attorney's fees on behalf of himself and a nationwide putative class is sufficient to exceed the jurisdictional threshold. Indeed, CAFA permits courts to aggregate the claims of the individual putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

19) Here, Plaintiff seeks damages on behalf of himself and the putative nationwide class for, *inter alia*, lost value of personal information which Plaintiff alleges is worth as much as $1,000. (Compl. ¶¶ 84, 106.) Thus, Plaintiff's Complaint puts at issue damages in excess of the jurisdictional threshold (i.e., $1,000 x 100,000 = $100,000,000).

20) Because Plaintiff is plausibly seeking in excess of $5,000,000 in damages and other relief related to the individual and proposed class-wide claims, the amount in controversy is satisfied.

21) This matter, therefore, satisfies all requirements of 28 U.S.C. § 1332(d) and properly belongs in federal court pursuant to CAFA.

## VENUE IS PROPER

22) This Court is in the judicial district and division embracing the place

where Plaintiff filed the State Court Action and where it is pending. Specifically, the United States District Court for the Southern District of New York embraces the Orange County Court. *See* 28 U.S.C. §§ 1441, 1446.

## TIMELINESS OF REMOVAL

23) Plaintiff served his Complaint on February 24, 2026.

24) Defendants filed this Notice within 30 days after service of the Complaint. Thus, removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## PRAYER FOR REMOVAL

WHEREFORE, Defendants respectfully request that the above action now pending in the Orange County Court be removed to the United States District Court for the Southern District of New York.

Dated: March 16, 2026

Respectfully submitted,

*/s/ Jessica H. Fernandez*

Jessica H. Fernandez
**BAKER HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4604
Facsimile: 212.589.4201
jfernandez@bakerlaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, a true and correct copy of the foregoing document was filed electronically and served via email and U.S. mail upon the following:

Alyssa Tolentino
Tyler J. Bean
**SIRI GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
T: (212) 532-1091
E: atolention@sirillp.com
E: tbean@sirillp.com

A. Brooke Murphy
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
T: (405) 389-4989
E: abm@murphylegalfirm.com

*Counsel for Plaintiff*

*/s/Jessica H. Fernandez*
*Counsel for Defendants*